IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SIR GREGORY P. JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1635-K-BN |
| | § | |
| DCHD d/b/a PARKLAND HEALTH, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Sir Gregory P. Jackson filed a *pro se* complaint against Defendant DCHD d/b/a Parkland Health ("Parkland"), alleging that ten years after surgery, he "discovered a personal injury" because a stitch was left in his left wrist. Dkt. No. 3 at 1. He asserts that he "could have suffered more injuries or became less able to use [his] hand." *Id.*

United States District Judge Ed Kinkeade referred Jackson's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Jackson previously filed two complaints relating to this purported injury in May 2024 and February 2025, both of which were dismissed for lack of subject-matter jurisdiction. *See Jackson v. Parkland Memorial Hosp.*, No. 3:24-cv-1239-X-BN, 2024 WL 4758819 (N.D. Tex. Oct. 24, 2024), *rec. adopted*, 2024 WL 4756322 (N.D. Tex. Nov. 12, 2024); *Jackson v. DCHD*, No. 3:25-cv-438-N-BW, 2025 WL 1737800 (N.D. Tex. May 16, 2025), *rec. adopted*, 2025 WL 1737314 (N.D. Tex. June 23, 2025).

After reviewing the complaint, the undersigned questions whether there is subject matter jurisdiction and, given the circumstances of this case, enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action for lack of subject matter jurisdiction.

These findings and conclusions provide Jackson notice as to the jurisdictional deficiencies. And the ability to file objections to the undersigned's recommendation that this case be dismissed for lack of jurisdiction (as further explained below) offers Jackson an opportunity to establish (if possible) that the Court does have subject matter jurisdiction.

## Legal Standards

"Jurisdiction is the power to say what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023). So consideration of "[j]urisdiction is always first." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) (citation omitted).

And, because "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute,'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)), "subject-matter delineations must be policed by the courts on their own initiative even at the highest level," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (citations omitted).

Jackson chose to file this lawsuit in federal court and, by doing so, undertook the burden to establish federal jurisdiction. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject

matter jurisdiction in federal court rests on the party seeking to invoke it." (cleaned up)); *Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("Assertions that are conclusory are insufficient to support an attempt to establish subject-matter jurisdiction." (cleaned up)).

And, if the party invoking federal jurisdiction fails to establish it, the lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Federal question jurisdiction under Section 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting

*Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))).

The "'creation' test … accounts for the vast bulk of suits under federal law." *Gunn*, 568 U.S. at 257 (citation omitted). But

> "a federal court [is also] able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." That is to say, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."

*Perez v. Se. SNF, L.L.C.*, No. 21-50399, 2022 WL 987187, at *3 (5th Cir. Mar. 31, 2022) (per curiam) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005), then *Gunn*, 568 U.S. at 258).

And, in cases invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

This amount "is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (per curiam) (citation omitted). "The required demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he

seeks." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (cleaned up). That is, "[t]he amount in controversy is not proof of the amount the plaintiff will recover but an estimate of the amount that will be put at issue in the course of the litigation. The amount is measured by the value of the object of the litigation." *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022) (cleaned up).

"When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). More specifically, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Greenberg*, 134 F.3d at 1253 (cleaned up).

And, "[f]or diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citations omitted); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))); *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) ("'The difference between *citizenship* and *residency* is a frequent source of confusion.' For natural persons, § 1332 citizenship is determined by domicile, which

requires residency plus an intent to make the place of residency one's permanent home. An allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" (emphasis in original; citations omitted)).

"The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). For example, "an allegation of residency alone does not satisfy the requirement of an allegation of citizenship." *J.A. Maters Invs. v. Beltramini*, 117 F.4th 321, 322 (5th Cir. 2024) (per curiam) (citation omitted). And "a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

## Analysis

Jackson alleges that there is federal subject matter based on federal question jurisdiction. *See* Dkt. No. 3 at 2. But the only cause of action alleged is personal injury. *See id.*

And medical malpractice and, more generally, negligence are claims typically actionable under state law, particularly where, like here, the facts alleged do not implicate a federal statute. *See, e.g.*, *Johnson v. Ochsner Med. Ctr.*, Civ. A. No. 20-173-BAJ-SDJ, 2023 WL 322886, at *1 (M.D. La. Jan. 19, 2023) ("In his Complaint, Plaintiff brings claims for 'medical malpractice, medical negligence, loss of wages, loss of residence, pain and suffering, [and] mental anguish,' which, as state law claims, are unable to confer federal question jurisdiction on this Court." (footnote

omitted)).

But Jackson also has not distinctly and affirmatively alleged a basis for diversity jurisdiction where he fails to allege the citizenship of either party in the complaint itself but acknowledges in the cover sheet that both parties reside in Dallas County and are citizens of this state. *See* Dkt. No. 3 at 2; *see also Dall. Cnty. Hosp. Dist. v. Shalala*, No. 3:94-cv-173-G, 1995 WL 767353, at *1 (N.D. Tex. Oct. 20, 1995) (Parkland, "an acute care, teaching hospital operated by the Dallas County Hospital District," "is Dallas County's only public hospital and is responsible for providing medical care to indigent citizens of Dallas County."); *Hamilton v. Parkland Mem'l Hosp.*, No. 3:14-cv-4271-D, 2015 WL 12750447 (N.D. Tex. Jan. 16, 2015) ("Plaintiff lists his address as Dallas, Texas, and Defendant Parkland Hospital is located in Dallas, Texas. Plaintiff therefore does not allege the diversity of citizenship necessary to proceed under § 1332." (citation omitted)), *rec. adopted*, 2015 WL 12748323 (N.D. Tex. Feb. 25, 2015).

## Recommendation

The Court should dismiss this lawsuit for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 3, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE